IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:09cv105 RS/EMT |
| v. | ) | |
| | ) | |
| HUBERT E. STEELEY, URSULA E. | ) | |
| STEELEY, L.L. LANIER, MARTHA | ) | |
| T. LANIER, JOHN A. BALDWIN, and | ) | |
| BAY POINT IMPROVEMENT | ) | |
| ASSOCIATION, INC. d/b/a BAY POINT | ) | |
| COMMUNITY ASSOCIATION, | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, by undersigned counsel, alleges as follows:

1.     This action is brought by the United States of America to reduce to judgment unpaid trust fund recovery penalty liabilities assessed against Hubert E. Steeley ("Steeley") and to foreclose federal tax liens on real property in which Steeley holds an interest.

2.     This action is authorized by the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States of America, in accordance with 26 U.S.C. § 7401.

4031970.1



09 MAR 27 AM 10: 09



FILED

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4.      This Court is a proper venue for adjudicating this civil action pursuant to 28 U.S.C. §§ 1391(b) and 1396.

5.      Steeley is the taxpayer whose unpaid tax liabilities the United States seeks to collect through this action.

6.      Steeley holds an interest in real property located in Gulf County at 9115 Highway 98, Port St. Joe Beach, Florida (the "Gulf County Property") and more fully described as follows:

> Commence at an iron pipe marking the Southwest Corner of Block 6, Fryer Plat of Beacon Hill as per plat recorded in Plat Book 1, Page 7, of Public Records of Gulf County, Florida, and thence go North 43 degrees 46 minutes 46 seconds West along the Northerly right of way line of Gulf View Street (as monumented) for a distance of 160.90 feet; thence go South 47 degrees 47 minutes 13 seconds West for 30.00 feet to an iron pipe on the Southerly right of way line of Gulf View Street; thence go North 44 degrees 06 minutes 47 seconds West for a distance of 50.14 feet to an iron pipe; thence go South 48 degrees 00 minutes 00 seconds West for a distance of 139.80 feet to a concrete monument on the Southerly right of way line of U.S. Highway No. 98 (State Road No. 30); thence go Southeasterly along said right of way line along the arc of a curve to the right which has a radius of 17,155.63 feet and a central angle of 00 degrees 10 minutes 01 seconds for an arc distance of 50.00 feet (Chord bearing South 44 degrees 38 minutes 46 seconds East for a distance of 50.00 feet) for the POINT OF BEGINNING. From said POINT OF BEGINNING continue Southeasterly along said right of way line along the arc of a curve to the right which has a radius of 17,155.63 feet and a central angle of 00 degrees 18 minutes 34 seconds for an arc distance of 92.65 feet (Chord

4031970.1

bearing South 42 degrees 42 minutes 56 seconds East for a distance of 72.65 feet);  thence departing said right of way line go South 147 degrees 21 minutes 19  seconds West for a distance of 221.80 feet, more or less, to the approximate mean high water line of the Gulf of Mexico;  thence go Northwesterly along said approximate mean high water line to a point which is South 48 degrees 00 minutes 00 seconds West and  223.36 feet, more or less, from Point of Beginning;  thence departing said approximate mean high water line go North 48 degrees 00 minutes 00 seconds East for a distance of 223.36 feet, more or less, to the Point of Beginning.  Said parcel of land being in Fractional Section 31, Township 6 South, Range 11 West, Gulf County, Florida.

7.     Steeley holds an interest in real property located in Bay County at 4305 Bay Point Road, Panama City Beach, Florida (the "Bay County Property"), and more fully described as follows:

Condominium Parcel: Unit No. 455, of Bay Point Golf Villas II, according to the Declaration of Condominium thereof recorded in Official Records Book 462, Page 589 et seq., as provided for by the Condominium Act of the Statutes of the State of Florida (Chapter 711, et seq., 1965) said description includes, but is not limited to, all appurtenances to the Condominium parcel above described, including the llimited common element assigned hereto, and including the undivided interest in the common elements of said Condominium.

8.     Ursula E. Steeley is named as a defendant pursuant to 26 U.S.C. § 7403 as a person who may claim an interest in the Gulf County property by virtue of a warranty deed recorded in the public records of Gulf County at Book 181, Page 29.  Ursula E.

4031970.1

Steeley may also claim an interest in the Bay County Property by virtue of a warranty deed recorded in the public records of Bay County at Book 1663, Page 40.

9.  L. L. Lanier and Martha T. Lanier are named as defendants pursuant to 26 U.S.C. § 7403 because they may claim an interest in the Gulf County Property by virtue of a mortgage recorded in the public records of Gulf County at book 181, page 31.

10.  John Baldwin is named as a defendant pursuant to 26 U.S.C. § 7403 because he may claim an interest in the Gulf County Property by virtue of a mortgage recorded in the public records of Gulf County at book 402, page 744.

11.  Bay Point Improvement Association, Inc. d/b/a Bay Point Community Association is named as a defendant pursuant to 26 U.S.C. § 7403 because it may claim an interest in the Bay County Property by virtue of an amended claim of lien recorded in the public records of Bay County at book 2804, page 1758.

Count I - Reduce Tax Assessments to Judgment

12.  For the taxable periods ending December 31, 1998, September 30, 1999, and June 30, 2000, Steeley was a responsible person, as that term is defined in 26 U.S.C. §§ 6671(b) and 6672(a), of Marquis Management Group, Inc..

13.  For the taxable periods ending December 31, 1998, September 30, 1999, and June 30, 2000, Steeley willfully failed to collect, truthfully account for, and pay over the employees' share of the employment taxes owed by Marquis Management Group, Inc.

4031970.1

14.     On the dates and in the amounts set forth in the table below, a delegate of the Secretary of the Treasury assessed trust fund recovery penalties against Steeley for the following periods pursuant to 26 U.S.C. § 6672:

| Period ending | Date of Assessment | Amount of Assessment |
|---|---|---|
| December 31, 1998 | February 19, 2001 | $52,574.71 |
| September 30, 1999 | August 16, 2000 | $597,468.58 |
| June 30, 2000 | March 15, 2004 | $49,028.27 |

15.     Notice of the assessments and demands for payments were duly made on Steeley.

16.     Despite notice of the assessment and demand for payment, Steeley has failed or refused to pay the full amount of the assessments described in paragraph 14, above, and he owes $843,049.26 on account of these assessments, including interest and other statutory accruals, as of March 19, 2009.

Count II - Foreclose Tax Liens on Real Property

17.     As a result of the tax assessments described in paragraph 14, above, federal tax liens arose and attached to all property and rights to property belonging to Steeley, including the Gulf County Property and the Bay County Property.

18.     As alleged in paragraphs 6 and 7, above, Steeley holds an interest in the Gulf County Property and the Bay County Property.

- 5 -

4031970.1

19.     Steeley and Ursula E. Steeley acquired the Gulf County Property as tenants by the entireties on July 10, 1995. Steeley subsequently conveyed his interest in that property subject to the tax liens described in paragraph 17, above, to Ursula E. Steeley pursuant to a marital settlement agreement in February, 2006.

21.     Steeley and Ursula E. Steeley acquired the Bay County Property as tenants by the entireties on September 25, 1996.  The property remains titled in both defendants' names.

22.     A delegate of the Secretary of the Treasury properly filed notices of federal tax lien ("lien notice") on the dates and in the county records described below:

| Date filed | Tax Periods | Place of Filing |
|---|---|---|
| March 18, 2003 | December 31, 1998<br>September 30, 1999 | Gulf County: Book 301, Page 978<br>Bay County: Book 2251, Page 2188 |
| July 1, 2004 | June 30, 2000 | Gulf County: Book 344, Page 825 |
| August 20, 2004 | June 30, 2000 | Bay County: Book 2491, Page 1387 |

23.     On May 1, 2007, amended lien notices were filed for Steeley's liabilities for the periods ending December 31, 1998, and September 30, 1999.  The amended notices did not change the effective date of the lien notices described in paragraph 22, but only corrected the date of assessment indicated on the lien notices filed on March 18,

- 6 -

4031970.1

2003.  The amended lien notices were filed in Gulf County at book 2917, page 2283 and Bay County at book 436 page 921.

      24.     The United States is entitled to foreclose its liens on Steeley's interest the Gulf County Property and Bay County Property, sell those properties, and apply the net sales proceeds to satisfy, either in whole or in part, the tax assessments described in paragraph 14, above.

      WHEREFORE the plaintiff, United States of America, respectfully requests that this Court grant the following relief:

      A.     Enter judgment in favor of the United States and against Hubert E. Steeley, for unpaid trust fund recovery penalties imposed pursuant to 26 U.S.C. § 6672 for the periods ending December 31, 1998, September 30, 1999, and June 30, 2000, in the amount of $843,049.26 as of March 19, 2009, plus interest and other statutory additions accruing thereafter from that date to the date of payment according to law;

      B.     Order that the federal tax liens on Steeley's interest in the Gulf County and Bay County Properties be foreclosed, and the properties sold free and clear of any right, claim or interest of all parties to this action;

      C.     Order that the Court adjudicate the parties' respective claims to the Gulf County and Bay County properties;

4031970.1

D.      Order that the proceeds of the sale of the Gulf County and Bay County

Properties be distributed in accordance with the determination of this Court as to the

validity and priority of all liens and claims upon the properties; and

E.      Grant the United States its costs in this action, and such other and further

relief as justice requires.

Dated: March 26, 2009

THOMAS F. KIRWIN
United States Attorney
Northern District of Florida

By:        _____
           GREGORY L. JONES
           Trial Attorney, Tax Division
           U.S. Department of Justice
           Post Office Box 14198
           Ben Franklin Station
           Washington, D.C.  20044
           Telephone: (202) 305-3254
           Facsimile: (202) 514-9868
           Gregory.L.Jones@usdoj.gov

- 8 -

4031970.1