IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUBERT E. STEELEY, URSULA E. ) <br> STEELEY, JOHN A. BALDWIN, ) <br> BAY POINT IMPROVEMENT ) <br> ASSOCIATION, INC. d/b/a BAY POINT ) <br> COMMUNITY ASSOCIATION, and ) <br> BEN LANIER as Trustee for the ) <br> LAVERNOR LAVEON LANIER, JR. ) <br> a/k/a L.L. LANIER AND MARTHA T. ) <br> LANIER FAMILY TRUST, ) <br> Defendants. ) | Case No. 5:09-cv-105-RS-EMT |

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

A bench trial was held on June 15, 2010, with all parties and counsel present.

**I.    Findings of Fact**

    **A.  BACKGROUND**

1.     For the tax periods ending September 30, 1998 and December 31, 1998, Marquis Management Group failed to remit to the United States the entire amount of Federal Insurance Contribution Act (FICA) taxes and withholding taxes that it reported on its Form 941 employment tax returns.

2.     For the tax periods ending September 30, 1998, December 31, 1998, March 31, 1999, June 30, 1999, September 30, 1999, and June 30, 2000, Gulf Pines Hospital failed to remit to the Treasury the entire amount of FICA taxes and withholding taxes that it reported on its Forms 941 for those periods.

3. For the reasons set forth in the my Order dated May 13, 2010, (Doc. 68) Hubert Steeley is a responsible officer who willfully failed to collect or truthfully account for and pay over employment taxes for Gulf Pines Hospital and Marquis Management Group for the tax periods listed above.

4. On February 19, 2001, a delegate of the Secretary of the Treasury properly assessed trust fund recovery penalties against Steeley in the amount of $52,574.71 for the periods ending September 30, 1998 and December 31, 1998 pursuant to 26 U.S.C. § 6672.

5. On August 16, 2000, a delegate of the Secretary of the Treasury properly assessed trust fund recovery penalties against Steeley in the amount of $597,468.58 for the periods ending September 30, 1998 through, and including September 30, 1999 pursuant to 26 U.S.C. § 6672.

6. On March 15, 2004, a delegate of the Secretary of the Treasury properly assessed trust fund recovery penalties against Steeley in the amount of $49,028.27 for the period ending June 30, 2000 pursuant to 26 U.S.C. § 6672.

7. Hubert Steeley owns a one-half interest in real property in Gulf County at 9115 Highway 98, Port St. Joe Beach, Florida (the "Gulf County Property") and a one-half interest in real property in Bay County at 4305 Bay Point Road, Panama City Beach, Florida (the "Bay County Property"). Hubert Steeley's former wife, Ursula Steeley, holds the other one-half interest in both properties. The government has filed notices of tax liens on both properties. There is an earlier mortgage on the Gulf County Property initially held by L.L. Lanier and Martha T. Lanier, which was later assigned to the L.L. Lanier and Martha T. Lanier Family Trust. In addition, John Baldwin holds a mortgage on Ursula Steeley's interest in the Gulf County Property. The parties have stipulated that both mortgages are superior to the tax liens of the United States. (Doc. 53).

### B. CHALLENGED CREDITS

1. Steeley no longer contends that the IRS failed to apply any credits to the penalties owed.

## II. Conclusions of Law

1. As previously determined, Steeley is liable under § 6672 for the trust fund recovery penalties assessed against him as a responsible officer of Gulf Pines Hospital and Marquis Management Group for the taxable periods at issue. (Doc. 68.)

2. Steeley's liability as a responsible officer of Gulf Pines Hospital and Marquis Management Group under 26 U.S.C. § 6672 is separate and distinct from the employment tax liability of those corporations. *United States v. Huckabee Auto, Inc*., 783 F.2d 1546, 1548-49 (11th Cir. 1986).

3. Marquis Management Group and Gulf Pines Hospital's employment tax liabilities for the periods in question include an employer portion and a trust fund portion (i.e. employee portion). *See* 26 U.S.C. §§ 3101(a)-(b), 3111(a)-(b);26 C.F.R. § 31.6011(a)-1; *McDonald v. State Farm Bureau Life Ins. Co.*, 291 F.3d 718, 721 (11th Cir. 2002). Without proof of a valid designation of payment, the IRS may apply voluntary payments by Gulf Pines Hospital to the employer--or non-trust fund portion of Gulf Pines Hospital's employment tax liability. *In re Harker*, 357 F.3d 846, 849 (8th Cir. 2004); *Martin v. Commissioner*, No. 01-2436, 2002 WL 1396868 at *4 (4th Cir. Jun. 28, 2002). Steeley is not entitled to credits that were so applied.

4. The IRS need not exhaust its collection remedies against Gulf Pines Hospital or Marquis Management Group before assessing trust fund recovery penalties against Steeley as a

responsible officer of those companies under 26 U.S.C. § 6672. *Huckabee Auto, Inc.*, 783 F.2d at 1548-49.

5. Notices of federal tax liens filed against Gulf Pines Hospital are irrelevant to the trust fund recovery penalty assessments against Steeley as a responsible officer. *Huckabee Auto Co.*, 783 F.2d at 1548 (explaining that the liability of a responsible officer under 26 U.S.C. § 6672 is separate and distinct from the liability of an employer). Even if the notices were relevant, the IRS need not refile the notices in order to collect the underlying assessments against Steeley. *In re Toledo*, 395 B.R. 794, 798 (Bankr. S.D. Fla. 2008) ( "[L]apse [of notices of federal tax liens] in no way impacts the validity of the underlying liens . . . .").

6. 26 U.S.C. § 7403 permits the United States to foreclose its tax liens on Steeley's property interests. When a claim or interest of the United States has been established, the court may then "decree a sale of such property and distribute the proceeds according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403. Although a district court has limited discretion to decide not to proceed with a forced sale when interests of third parties are involved, only a certain fairly limited set of considerations are appropriate. *United States v. Rogers*, 461 U.S. 677, 709-10, 103 S.Ct. 2132, 2151 (1983). Discretion to prevent a sale should be exercised rigorously and sparingly, keeping in mind the government's paramount interest in prompt and certain collection of delinquent taxes. *Id.* at 711.

In deciding whether a forced sale of a third party's property interest is appropriate, a court should first consider the extent to which the government's financial interests would be prejudiced if it were relegated to a forced sale of only the partial interest of the person liable for the delinquent taxes. *Id.* at 710. Because the properties in the instant case are residential real

properties, they are not conducive to partition, and the government's financial interests would therefore be significantly prejudiced by only a partial sale.

A court should also consider "whether the third party with a non-liable separate interest in the property would, in the normal course of events, have a legally recognized expectation that the separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors." *Id.* at 710-11. The court should also consider any likely prejudice to the third party, both in personal dislocation costs and undercompensation. *Id.* Although Ursula Steeley has argued that the Gulf County property is her homestead, she would not suffer significant prejudice as she would receive full compensation for her one-half interest in the properties after the sale.

Finally, a court should consider the relative character and value of the non-liable and liable interests held in the property to make sure a sale would not be unreasonable. *See id.* Here, Ursula Steeley and Hubert Steeley have equal interests in the properties; therefore, her interest does not outweigh his interest in a way that would make a foreclosure unreasonable, as in the case where the person liable for delinquent taxes only owns a small interest in the property.

These factors are not exhaustive, and consideration of special circumstances is permitted. *See id.* However, the instant case does not present special circumstances providing a compelling reason to exercise this Court's limited discretion to refuse to conduct a forced sale. A judicial sale of the properties is therefore appropriate pursuant to § 7403.

7. The mortgages of the L.L. Lanier and Martha T. Lanier Family Trust and John Baldwin on the Gulf County property are superior to the tax liens of the United States and are entitled to satisfaction from the proceeds of the judicial sale. The remaining proceeds shall be distributed amongst Ursula Steeley, Hubert Steeley, and the United States pursuant to a future Order of disbursement.

**ORDERED** on August 3, 2010.

                                            **/s/ Richard Smoak**
                                            **RICHARD SMOAK**
                                            **UNITED STATES DISTRICT JUDGE**