**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                       CASE NO. 5:09-cv-105/RS-EMT

HUBERT E. STEELEY, URSULA E.
STEELEY, JOHN A. BALDWIN,
BAY POINT IMPROVEMENT
ASSOCIATION, INC. d/b/a BAY POINT
COMMUNITY ASSOCIATION, and
BEN LANIER, as Trustee for the
LAVERNOR LAVEON LANIER, JR.
a/k/a L.L. LANIER AND MARTHA T.
LANIER FAMILY TRUST,

    Defendants.
_____/

## AMENDED ORDER OF SALE

Pursuant to the ruling on Plaintiff's motion for summary judgment (Doc. 68), **IT IS**

**ORDERED**:

1. Federal tax liens encumber the following real properties ("Subject Properties"):

   a. The real property located in Gulf County at 9115 Highway 98, Port St. Joe Beach, Florida (the "Gulf County Property") and more fully described as follows:

Commence at an iron pipe marking the Southwest Corner of Block 6, Fryer Plat of Beacon Hill as per plat recorded in Plat Book 1, Page 7, of Public Records of Gulf County, Florida, and thence go North 43 degrees 46 minutes 46 seconds West along the Northerly right of way line of Gulf View Street (as monumented) for a distance of 160.90 feet; thence go South 47 degrees 47 minutes 13 seconds West for 30.00 feet to an iron pipe on the Southerly right of way line of Gulf View Street; thence go North 44 degrees 06 minutes 47 seconds West for a distance of 50.14 feet to an iron pipe; thence go South 48 degrees 00 minutes 00 seconds West for a distance of 139.80 feet to a concrete monument on the Southerly right of way line of U.S. Highway No. 98 (State Road No. 30); thence

go Southeasterly along said right of way line along the arc of a curve to the right which has a radius of 17,155.63 feet and a central angle of 00 degrees 10 minutes 01 seconds for an arc distance of 50.00 feet (Chord bearing South 44 degrees 38 minutes 46 seconds East for a distance of 50.00 feet) for the POINT OF BEGINNING. From said POINT OF BEGINNING continue Southeasterly along said right of way line along the arc of a curve to the right which has a radius of 17,155.63 feet and a central angle of 00 degrees 18 minutes 34 seconds for an arc distance of 92.65 feet (Chord bearing South 42 degrees 42 minutes 56 seconds East for a distance of 72.65 feet); thence departing said right of way line go South 147 degrees 21 minutes 19 seconds West for a distance of 221.80 feet, more or less, to the approximate mean high water line of the Gulf of Mexico; thence go Northwesterly along said approximate mean high water line to a point which is South 48 degrees 00 minutes 00 seconds West and 223.36 feet, more or less, from Point of Beginning; thence departing said approximate mean high water line go North 48 degrees 00 minutes 00 seconds East for a distance of 223.36 feet, more or less, to the Point of Beginning. Said parcel of land being in Fractional Section 31, Township 6 South, Range 11 West, Gulf County, Florida. Lot 3, Block "B", THE OAKS SUBDIVISION, a subdivision according to plat thereof in Plat Book "C" at page 80 of the public records of Santa Rosa County, Florida.

      b. The real property located in Bay County at 4305 Bay Point Road, Panama City Beach, Florida (the "Bay County Property"), and more fully described as follows:

Condominium Parcel: Unit No. 455, of Bay Point Golf Villas II, according to the Declaration of Condominium thereof recorded in Official Records Book 462, Page 589 et seq., as provided for by the Condominium Act of the Statutes of the State of Florida (Chapter 711, et seq., 1965) said description includes, but is not limited to, all appurtenances to the Condominium parcel above described, including the limited common element assigned hereto, and including the undivided interest in the common elements of said Condominium.

    2.     Hubert Steeley owns a one-half interest in real property in Gulf County at 9115 Highway 98, Port St. Joe Beach, Florida (the "Gulf County Property") and a one-half interest in real property in Bay County at 4305 Bay Point Road, Panama City Beach, Florida (the "Bay County Property"). Hubert Steeley's former wife, Ursula Steeley, holds the other one-half interest in both properties. There is an earlier mortgage on the Gulf County Property initially held by L.L. Lanier and Martha T. Lanier, which was later assigned to the L.L. Lanier and Martha T. Lanier Family Trust. In addition, John Baldwin holds a mortgage on Ursula Steeley's

interest in the Gulf County Property. The parties have stipulated that both mortgages are superior to the tax liens of the United States. (Doc. 53).

3. 26 U.S.C. § 7403 permits the United States to foreclose its tax liens on Steeley's property interests. When a claim or interest of the United States has been established, the court may then "decree a sale of such property and distribute the proceeds according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403. Although a district court has limited discretion to decide not to proceed with a forced sale when interests of third parties are involved, only a certain fairly limited set of considerations are appropriate. *United States v. Rogers*, 461 U.S. 677, 709-10, 103 S.Ct. 2132, 2151 (1983). The properties at issue are residential properties and therefore not conducive to partition. The instant case does not present special circumstances that warrants the exercise of my limited discretion to refuse to conduct a forced sale.

4. The federal tax liens are foreclosed against the Subject Properties, and the properties are hereby ordered sold in their entirety;

5. The Internal Revenue Service Property Appraisal and Liquidation Specialists (IRS PALS) is hereby authorized under Title 28, United States Code, Sections 2001 and 2002, to offer for sale at public auction, the Subject Properties, with any improvements, buildings and appurtenances, thereunto pertaining;

6. The public auctions referred to in paragraph 3, above, shall be held either on the premises themselves or in the case of the Gulf County Property at the Gulf County Courthouse or in the case of the Bay County Property at the Bay County Courthouse in accordance with the provisions of Title 28, United States Code, Section 2001, the times thereof to be announced by the IRS PALS; after the respective properties are advertised once a week for four consecutive

weeks preceding the date fixed for their sale in a daily newspaper of general circulation, in the case of the Gulf County Property, in Gulf County and, in the case of the Bay County Property, in Bay County, and by any other notice that the IRS PALS in its discretion may deem appropriate;

7. Any rights, title, liens, claims or interests in the Subject Properties of the United States and the defendants in this action are discharged upon sale of the property and confirmation of the sale, as described in paragraphs 3, above, and 14, below, except in accordance with the parties' prior stipulation (doc. 53) should the sale of the Gulf County Property provide insufficient funds to satisfy the mortgage held by Ben Lanier as Trustee of the Lavernor Laveon Lanier, Jr., a.k.a. L. L. Lanier and Martha T. Lanier Family Trust (the "Lanier Mortgage"), the sale shall be subject to the Lanier Mortgage, which will survive the sale;

8. The minimum bid for the properties will be set by the IRS PALS. If the minimum bids are not met or exceeded, the IRS PALS may, without further permission of this Court, and under the terms and conditions of this Order of Sale, hold a new public sale and reduce the minimum bid or sell to the highest bidder;

9. The successful bidder(s) shall be required to deposit with the IRS PALS a minimum of twenty percent of his or her bid by certified check, made payable to the United States District Court for the Northern District of Florida, or cash deposit at the time of sale. Before being permitted to bid at the sales, bidders shall display to the IRS PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

10. The balance of the purchase price for the respective properties shall be tendered to the IRS PALS by the successful bidder within 30 days following the date of sale in the form of a

certified check payable to the United States District Court for the Northern District of Florida. In the event that the purchasers fail to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale, and the real property shall be re-offered for sale or be offered to the second highest bidder in accordance with the provisions of paragraph 3, above. The United States may bid as a credit against its judgment without tender of cash;

11. Pending the sale of the said properties, the IRS PALS is authorized to have free access to the premises and to take any and all actions necessary to preserve the premises, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the property is delivered to the ultimate purchasers of the properties;

12. The sales are made pursuant to 28 U.S.C. §2001, and are made without right of redemption;

13. Until the Subject Properties are sold, Hubert E. Steeley and Ursula Steeley shall take all reasonable steps necessary to preserve the Subject Properties (including all buildings, improvements, fixtures and appurtenances on the Subject Properties) in their current condition including, without limitation, maintaining fire and casualty insurance policies on the Subject Properties and provide proof of such when requested by the IRS PALS. They shall neither commit waste against the Subject Properties nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Subject Properties nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Properties or that may tend

to deter or discourage potential bidders from participating in the public auction, nor shall They cause or permit anyone else to do so.

14. All persons occupying the Subject Properties shall leave and vacate the Subject Properties permanently within 30 days of the date this order is filed or the date on which a copy of it is delivered to the occupants, whichever is later, taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Properties). Further, all persons occupying the Subject Properties shall turn over the keys to the Subject Properties to the IRS PALS and provide proof of current insurance within 30 days of the date this order is filed or the date on which a copy of it is delivered to the occupants, whichever is later. If any person occupying the Subject Properties fails or refuses to leave and vacate the Subject Properties by the time specified in this order, the IRS PALS is authorized to coordinate with the United States Marshal and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Subject Properties by the time specified herein, the personal property remaining on the Subject Properties thereafter is deemed forfeited and abandoned; and, the IRS PALS is authorized to remove the personal property and dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale with the balance being distributed as described in paragraph 18 below.

15. The sale of the Subject Properties shall be subject to confirmation by this Court, and upon confirmation the IRS PALS shall execute and deliver deeds, conveying the respective properties to the successful purchasers;

16. When the sales are confirmed by this Court, the Register of Deeds of Gulf County, Florida shall cause transfer of the Gulf County Property to be reflected upon that

county's register of title, and the Register of Deeds of Bay County, Florida shall cause transfer of the Bay County Property to be reflected upon that county's register of title;

17. A successful third-party bidder at the sales shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

18. After the sale of the **Gulf County Property** is confirmed by this Court, the proceeds shall be distributed as follows:

> a. First, to the United States to cover the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court.
>
> b. Second, the proceeds will be distributed to satisfy the Lanier Mortgage;
>
> c. Third, half the remaining proceeds will be distributed to the United States for the unpaid trust fund recovery tax liabilities of Hubert E. Steeley for the tax periods ending September 30, 1998 and December 31, 1998, for Marquis Management Group, and for September 30, 1998 through September 30, 1999, and June 30, 2000, for Gulf Pines Hospital. The other half of the remaining proceeds will be distributed to John Baldwin to satisfy the mortgage in favor of John Baldwin on Ursula Steeley's interest in the Gulf County Property;
>
> d. Fourth, in the event that Hubert Steeley's tax liabilities or John Baldwin's mortgage are satisfied by the payments described above, the excess proceeds shall be delivered to Hubert Steely and/or Ursula Steely as further ordered by the Court.

19. After the sale of the **Bay County Property** is confirmed by this Court, the proceeds shall be distributed as follows:

a. First, to the United States to cover the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court.

b. Second, half the remaining proceeds will be distributed to the United States for the unpaid trust fund recovery tax liabilities of Hubert E. Steeley for the tax periods ending September 30, 1998 and December 31, 1998, for Marquis Management Group, and for September 30, 1998 through September 30, 1999, and June 30, 2000, for Gulf Pines Hospital. The other half of the remaining proceeds will be distributed to Ursula Steeley; and,

c. Third, in the event that Hubert Steeley's tax liabilities are satisfied by the payments described above, the excess proceeds shall be delivered to Hubert Steely or Ursula Steely as further ordered by the Court.

20. If a successful bidder defaults in any deposit requirement or in payment of the balance of the purchase price, the deposit made by the successful bidder shall be forfeited and retained as part of the proceeds of sale and the property again shall be offered for sale in the same manner as set forth above.

21. The Court retains jurisdiction over this cause for purpose of entering all further orders as may be appropriate, including without limitation, deficiency and contempt of court judgments.

**ORDERED** on August 3, 2010.

                **/s/ Richard Smoak**
                **RICHARD SMOAK**
                **UNITED STATES DISTRICT JUDGE**